[Civ. No. 8913. Second Appellate District, Division Two.—November 5, 1934.]

## MANUEL A. SILVA, Respondent, v. TONY RODERICK, Appellant.

Fred A. Shaeffer for Appellant.

Preisker, Goble & Twitchell and Morris J. Stephan for Respondent.

WILLIS, J., *pro tem.*—Plaintiff in the court below brought suit against appellant and one Harry E. Fryer, constable of a township in Santa Barbara County, for damages, both actual and exemplary, for false arrest and imprisonment. It appears from the record without substantial dispute that appellant, as a citizen, arrested respondent without a warrant in the presence of the constable, who had refused to make any arrest, and took him in the constable's automobile, accompanied by the constable, to the city of Santa Maria, where he and the constable placed him in the city jail, where he remained imprisoned for about one and one-half hours, respondent being then released by the constable on demand of respondent's attorney without any complaint having been filed or warrant issued. Appellant claimed at the trial and still asserts that he had reasonable

cause to believe that respondent was committing or attempting to commit a public offense, to wit, stealing a crop of carrots then growing in the ground and in process of harvesting, when he arrested respondent.

After trial by the court without a jury, the court filed its findings and conclusions and judgment was entered thereon in favor of respondent and against appellant only, for $250 actual damages and $250 as exemplary damages, the constable being exonerated from all liability. ▮ From this judgment, this appeal is presented, appellant stating in his opening brief that the questions involved herein are: First, the court erred in finding that the appellant arrested respondent; second, the court erred in finding that appellant was responsible for the incarceration of respondent; and third, the damages are excessive. Without stating any points or indicating specifically wherein the evidence is insufficient to support the findings, appellant reviews at some length the evidence and argues that appellant had probable grounds to believe that a crime was being committed in his presence, that appellant's responsibility ended when he turned respondent over to the constable and that it was the officer's duty then to take respondent before the nearest magistrate. All these contentions were determined adversely to appellant's contentions by the decision of the lower court on evidence of a conflicting nature as to probable cause and as to whether a crime was actually being or attempted to be committed at the time of arrest. There is nothing in the record of the proceedings in the court below, nor in appellant's briefs on this appeal, to show that the findings are not supported by substantial evidence nor that the damages awarded are excessive.

The judgment is affirmed.

Stephens, P. J., and Crail, J., concurred.